# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INK! Coffee Company | ) | Case No.24-13445-KHT |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## NOTICE OF STATUTORY TAX LIENS OF
## COLORADO DEPARTMENT OF REVENUE

The Colorado Department of Revenue ("CDOR"), through the Colorado Attorney General, hereby gives notice that there are unpaid Colorado tax trust funds owed by the above-named debtor (the "Debtor"), and that the State of Colorado has statutory "first and prior" liens securing the payment of such trust funds. CDOR advises the Debtor of the following:

**Amount of claim.** CDOR separately will file a proof of claim setting forth the amount of tax, interest, and penalties owed by the Debtor and the tax periods under which such taxes arose.

**Use of trust funds during bankruptcy case.** Sales tax collected by retailers is property of the State of Colorado held in trust by the retailer. Such funds are not property of the bankruptcy estate. *See Begier v. I.R.S.*, 496 U.S. 53 (1996). Such funds, now and hereafter, should be segregated from other estate funds and timely remitted to CDOR. CDOR does not consent to the use of its trust funds, as cash collateral or otherwise.

**Statutory liens to secure payment of sales tax.** CDOR has statutory liens to secure the payment of sales tax. Section 39-26-117(1)(a), Colorado Revised Statutes ("C.R.S."), provides that sales tax "shall be a first and prior lien upon the goods and business fixtures of or used by any retailer or qualified purchaser under lease, title retaining contract, or other contract arrangement, excepting stock of goods sold or for sale in the ordinary course of business, and shall take precedence on all such property over other liens or claims of whatsoever kind or nature."

**Priority over other liens.** The liens for sales tax arise automatically by operation of statute, without any requirement that CDOR perfect its liens through any recorded instrument. The liens are senior to consensual liens and other liens arising under state law, regardless of the date on which such liens are perfected or recorded and survive sale or other disposition by a secured creditor. *See ITT*

*Diversified Credit Corp. v. Couch*, 669 P.2d 1355 (Colo. 1983). Depending on when CDOR's liens became choate, they may or may not be senior to federal tax liens, if any.

**Statutory Right to Setoff or Recoupment.** Amounts owing to the Debtor by the State may be subject to the State's rights of setoff or recoupment pursuant to Section 39-21-108, C.R.S. *See* 11 U.S.C. § 553; *In re Beaumont*, 586 F.3d 776 (10th Cir. 2009) *citing In re Peterson Distributing, Inc.*, 82 F.3d 956, 960 (10th Cir. 1996); *In re Adamic,* 291 B.R. 175, 181 (Bankr. D. Colo. 2003).

**Sale of property subject to CDOR's statutory tax liens.** If property subject to CDOR's liens is sold or liquidated during this bankruptcy case, CDOR will consider consenting to such sale or liquidation provided that liens on such property attach to the proceeds of sale or liquidation in order of existing priority.

**Unsecured portion of tax claim.** The value of the estate property subject to CDOR's statutory tax liens is unknown to CDOR at this time. To the extent that liquidation of the property is insufficient to satisfy CDOR's statutory liens in full, CDOR has an unsecured priority claim to the extent provided by 11 U.S.C. § 507(a)(8)(C) and (E). Penalties associated with a priority tax claim are a general unsecured claim.

**Compliance with tax trust fund requirements during bankruptcy case.** Pursuant to 28 U.S.C. § 960(a), all officers and agents conducting any business under authority of a United States court shall be subject to all State taxes applicable to such business to the same extent as if it were conducted by an individual or corporation. Pursuant to 28 U.S.C. § 960(b), a tax under 28 U.S.C. § 960(a) shall be paid on or before the due date of the tax under applicable nonbankruptcy law unless payment is excused by a specific provision of Title 11. In Chapter 11 cases, failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief is cause for dismissal or conversion of the case.

**Liability of corporate officers and members of partnerships or limited liability companies for trust fund taxes.** All officers of a corporation and all members of a partnership or limited liability company required to collect, account for, and pay over any tax administered by Title 39, Article 21, C.R.S., who willfully fail to collect, account for, or pay over such tax or who willfully attempt in any manner to evade or defeat any such tax, or the payment thereof, are subject to a penalty equal to one hundred fifty percent of the total amount of the tax not collected, accounted for, paid over, or otherwise evaded, as provided by Section 39-21-116.5, C.R.S.

**Distributions by estate.** Post-petition debits and credits may cause the amount of CDOR's claim to vary from the amount initially claimed. Prior to making

distributions, CDOR recommends that the estate's fiduciary contact the undersigned counsel to determine the current balance of CDOR's claim.

DATED: June 24, 2024.

        Philip J. Weiser,
        Colorado Attorney General

        /s/ *Deanna L. Westfall*
        DEANNA LEE WESTFALL, #23449
        Assistant Attorney General
        Colorado Department of Law
        Ralph L. Carr Colorado Judicial Center
        1300 Broadway, 8th Floor
        Denver, Colorado 80203
        Direct dial: 720-508-6342
        E-mail: deanna.westfall@coag.gov

## CERTIFICATE OF SERVICE

    This is to certify that on June 24, 2024 a true and correct copy of the foregoing **NOTICE OF STATUTORY TAX LIEN IN FAVOR OF COLORADO DEPARTMENT OF REVENUE** is being served via cm/ecf to all parties registered to receive such notice.

                                      */s/ Deanna L. Westfall*