### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 24-13445-KHT |
| INK! COFFEE COMPANY, | ) | Chapter 11, Subchapter V |
| EIN: 84-1318782 | ) | |
| | ) | |
| Debtor. | ) | |

### MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO (A) CONTINUE CUSTOMER PRACTICES, INCLUDING HONORING PREPETITION GIFT CARDS AND LOYALTY PROGRAM; AND (B) SELL GIFT CARDS POSTPETITION

Ink! Coffee Company ("Debtor" or "Ink! Coffee") through its counsel, ONSAGER | FLETCHER | JOHNSON | PALMER, LLC, files this Motion for Entry of Order Authorizing Debtor to (a) Continue Customer Practices, Including Honoring Prepetition Gift Cards and Loyalty Program; and (b) Sell Gift Cards Postpetition (this "Motion") as follows:

### JURISDICTION AND VENUE

1.      On June 20, 2024 (the "Petition Date"), Debtor filed a voluntary amended petition for relief under Subchapter V, Chapter 11 of Title 11 of the United States Code.

2.      Debtor is a debtor-in-possession.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. The relief requested in this Motion constitutes a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

### BACKGROUND

4.      Ink! Coffee roasts and sells exceptional coffee and also sells locally-sourced prepared foods from 4 retail locations in the Dever area: in the Cherry Creek Shopping Center, in the National Jewish Health hospital, in the lobby of 1801 California Street, Denver, and on

University Boulevard in the Bonnie Brae neighborhood. Ink! Coffee also an office and roastery where Alpine Coffee roasts all of Ink! Coffee's beans in Aurora, Colorado, under Ink! Coffee's supervision. Ink! Coffee has 26 full and part-time employees.

5.       On the Petition Date, Debtor filed its Motion Seeking Expedited Entry of First Day Orders Pursuant to L.B.R. 2081-1(a) and Notice of Impending Hearing Thereon (the "First Day Motion").  Attached as Exhibit 1 to the First Day Motion is the Declaration of Keith Herbert (the "Herbert Declaration"), which is referenced and incorporated herein.  The Herbert Declaration sets forth additional background regarding Debtor, its operations, debt structure, financial position, the events leading to this bankruptcy filing, and its anticipated path forward. In addition, the Herbert Declaration supports the relief requested in this Motion.

## GIFT CARDS AND CUSTOMER PROGRAMS

6.       Prior to the Petition Date and in the ordinary course of Debtor's business, Debtor sold pre-paid gift cards for use towards the purchase of products sold at Ink! Coffee's locations. Debtor estimates that approximately $106,000 worth of unexpired and unredeemed gift cards were outstanding on the Petition Date (the "Prepetition Gift Cards"). Debtor lacks information about the identities of customers who purchased the Prepetition Gift Cards or the persons who may currently hold those Prepetition Gift Cards. As a result, the physical gift card is required for redemption.

7.       Also prior to the Petition Date and in the ordinary course of Debtor's business, Debtor offered a loyalty program for its customers (the "Loyalty Program"). There is no cost to participate in Loyalty Program, which provides for two benefits: (a) for every $50 a Loyalty Program participant spends at one of the Ink! Coffee locations, the customer earns $5 towards a purchase at an Ink! Coffee location, and (b) a free drink on a Loyalty Program participant's

birthday. Debtor asserts the Loyalty Program is an essential tool for Debtor's business but has a minimal effect on Debtor's budget.

8.      Debtor estimates that gift card redemption and honoring the Loyalty Program costs approximately $100 to $200 per week.

**RELIEF REQUESTED AND AUTHORITY**

9.      Pursuant to 11 U.S.C. §§ 105(a), 363(b), 541, 1182, and 1184, Debtor requests entry of an Order authorizing it to (a) honor the Prepetition Gift Cards and Loyalty Program, and (b) continue selling and honoring gift cards on a postpetition basis.

10.     Pursuant to 11 U.S.C. §§ 1182, 1884, and 363, Debtor has authority to continue operating its business. Debtor has determined, in the exercise of its business judgment, that it is both necessary and appropriate for it to honor the Prepetition Gift Cards and continue the Loyalty Program in the ordinary course of its business in order to maximize the value of the estate for the benefit of its creditors.

11.     Debtor's ability to honor the Prepetition Gift Cards and to continue the Loyalty Program are critical to its ability to attract and retain loyal customers. Debtor believes that if it does not honor the Prepetition Gift Cards and continue the Loyalty Program, it will place Debtor at a disadvantage against its competition. Debtor also believes that a failure to honor the Prepetition Gift Cards and continue the Loyalty Program will negatively impact Debtor's reputation, erode Debtor's customer base and potentially deter new customers, all of which will impair the value of its business.

12.     Debtor believes that its creditors will benefit from its ability to honor the Prepetition Gift Cards and Loyalty Program. Debtor's customer base and reputation as a local, independent coffee shop are critical to its ability to generate ongoing revenue and ultimately, the value of its

business in any sale or reorganization. Debtor believes that honoring the Prepetition Gift Cards and Loyalty Program will help ensure customer satisfaction and the experience that draws customers to Ink! Coffee.

13.     For these reasons, Debtor asserts that it is a proper exercise of business judgment for it to honor the Prepetition Gift Cards and Loyalty Program. *See generally, e.g.*, *CusIn re Hancock Fabrics, Inc.*, 2016 Bankr. LEXIS 4562 (Bankr. D. Del. Feb. 3, 2016) (authorizing chapter 11 debtor to honor prepetition gift cards and imposing an aggregate redemption limit); *In re KLCG Prop., LLC*, 2009 Bankr. LEXIS 4828, Case No. 09-14418 (Bankr. D. Del. Dec. 17, 2009).

14.     Debtor has determined, in the exercise of its business judgment, that it is necessary and appropriate for it to continue to sell gift cards to its customers on a postpetition basis and to use the funds generated from the postpetition sale of gift cards to fund its ongoing expenses.

15.     Debtor asserts that the requested relief is necessary to avoid immediate and irreparable harm. Failing to honor Prepetition Gift Cards and the Loyalty Program is likely to impair Debtor's reputation and the confidence of its customers. Similarly, failing to sell gift cards post-petition is also likely to erode confidence and decrease the visits of customers. Therefore, Debtor believes that it will suffer immediate and irreparable harm if it is unable to honor the Prepetition Gift Cards and Loyalty Program and to continue selling gift cards postpetition.

//
//

Dated: June 24, 2024

Respectfully submitted,

**ONSAGER | FLETCHER | JOHNSON | PALMER LLC**

*s/ Andrew D. Johnson*
   Andrew D. Johnson, #36879
   Gabrielle G. Palmer, #48948
600 17th Street, Suite 425 North
Denver, Colorado 80202
Ph: (720) 457-7061
ajohnson@OFJlaw.com
gpalmer@OFJlaw.com

*Attorneys for Ink! Coffee Company*