# EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re:<br><br>INK! COFFEE COMPANY,<br>EIN: 84-1318782<br><br>          Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-13445 KHT<br>Chapter 11, Subchapter V |

**FINAL ORDER GRANTING**
**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS**
**AUTHORIZING DEBTOR TO INCUR UNSECURED DEBT OUTSIDE THE**
**ORIDINARY COURSE OF BUSINESS**

THIS MATTER having come before the Court on the Motion for Entry of Interim and Final Orders Authorizing Debtor to Incur Unsecured Debtor Outside the Ordinary Course of Business (the "Motion") filed by Ink! Coffee Company ("Debtor"), the debtor and debtor in possession in the above-captioned case (the "Case"), pursuant to sections 362, 363(b), 364(b), and 507 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting authority to enter into a debtor-in-possession financing agreement and seeking entry of a final order (this "Final Order"), that, among other things:

(i) authorizes Debtor to obtain unsecured credit and incur unsecured debt from Chris Leevers (the "Leevers Unsecured Revolving Loan") from Chris Leevers ("Mr. Leevers"), on a final basis; and

(ii) provides for the immediate effectiveness of this Final Order and waives any applicable stay (including under Bankruptcy Rule 6004) to permit such immediate effectiveness.

It appearing that approval of the relief requested in the Motion is fair and reasonable and in the best interests of the Debtor, its creditors, estate, and all parties in interest, and is essential

for the continued operation of the Debtor's business and the preservation of the value of the Debtor's assets; and after due deliberation and consideration, and good and sufficient cause appearing therefor:

**THIS COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]:**

A. **Petition Date**. On June 20, 2024 (the "Petition Date"), Debtor commenced this Case when it filed its voluntary petition for relief under subchapter v, chapter 11 of the Bankruptcy Code.

B. **Jurisdiction and Venue**. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. **Predicates for Relief**. The statutory and other predicates for the relief sought herein are sections 105, 362, 363, 364, and 507 of the Bankruptcy Code and Rules 2002, 4001, 6004, and 9014 of the Bankruptcy Rules.

D. **Notice**. Under the circumstances, the notice of the Motion and the Final Hearing has been provided by the Debtor to certain parties in interest, including (i) the Office of the United States Trustee for the District of Colorado; (ii) those creditors holding secured claims against the Debtor's estate; (iii) those creditors holding the twenty largest unsecured claims against the Debtor's estate; (iv) counsel to the Lender; and (v) all parties requesting notice (collectively, the "Notice Parties"). Given the nature of the relief sought in the Motion, such notice constitutes due, sufficient, and appropriate notice, and complies with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001(b)–(d).

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate, pursuant to Bankruptcy Rule 7052.

2

E.  **Findings Regarding the Leevers Unsecured Loan**.

(i)  Need for Post-Petition Financing. The Debtor has a need to obtain the Leevers Unsecured Loan to, among other things, permit the orderly continuation of the operation of its business, to the extent cash from operations is insufficient to make such payments which will help the Debtor maintain the value of its estate during this Case.

(ii)  Amount of Leevers Unsecured Loan. The Debtor is authorized to incur unsecured credit under the Leevers Unsecured Loan in an amount of up to $48,000 solely in accordance with the terms of the approved budget (the "Budget").

F.  **Business Judgment and Good Faith Pursuant to Section 364(e)**.

(i)  The terms and conditions of the Leevers Unsecured Loan and this Interim Order are fair, reasonable, and the best available under the circumstances, and the Debtor's agreement to the terms and conditions of the Leevers Unsecured Loan reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Such terms and conditions are supported by reasonably equivalent value and fair consideration.

(ii)  Mr. Leevers and Debtor have acted in good faith and at arms' length in, as applicable, negotiating, consenting to, and agreeing to the Leevers Unsecured Revolving Loan and this Interim Order. The Leevers Unsecured Revolving Loan shall be deemed to have been extended and/or consented to by Mr. Leevers for valid business purposes and uses and in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

G.  **Relief Essential; Best Interest**. For the reasons stated above, the Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2). Absent granting the relief set forth in this Interim Order, the Debtor's estate, its

3

business, and ability to preserve the enterprise value of the Debtor's estate will be irreparably harmed.

**IT IS ORDERED** that:

1. **Motion Granted**. The Motion is hereby granted, on a final basis, in accordance with the terms and conditions set forth in this Interim Order. Any objections to the Motion with respect to the entry of this Final Order that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied and overruled.

2. **Approval of the Leevers Unsecured Loan**. To enable the Debtor to continue to operate its business and preserve and maximize the value of its estate, during the period from the entry of this Interim Order through and including the entry of the Final Order, the Debtor is hereby authorized to borrow under the Leevers Unsecured Revolving Loan, expressly and immediately authorized to incur unsecured debt consistent with the Leevers Unsecured Revolving Loan *provided that* (x) the aggregate outstanding amount for all such borrowings shall not exceed $48,000; and (y) any proposed use of the proceeds of the Leevers Unsecured Revolving Loan shall be consistent with the terms and conditions of this Interim Order and the Budget attached to the Motion.

3. **Interest, Fees, Costs, Indemnities and Expenses**. The Leevers Unsecured Loan shall bear no interest and accrue no fees, costs, charges or other expenses.

4. **Other Rights and Obligations**.

    (a) Binding Effect. The provisions of this Final Order, including all findings herein, shall be binding upon all parties in interest in this Case and any Successor Case, including Mr. Leevers, the Debtor, the subchapter V trustee, and the estate, successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor, an

examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary or responsible person appointed as a legal representative of the Debtor or with respect to the property of the estate), whether in the Case, in any Successor Case, or upon dismissal of any such Case or Successor Case.

(g) **Enforceability**. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, 9024, or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of execution or effectiveness of this Interim Order.

5. **Retention of Jurisdiction**. This Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

IT IS SO ORDERED.

Dated: _____

_____
Kimberly H. Tyson
United States Bankruptcy Judge

5